## UNITED STATES v. WELCH et al.

(District Court, D. Rhode Island.   July 23, 1917.)

1. CONSPIRACY ⬉43(6)—INDICTMENT—SUFFICIENCY.
> Allegations, in an indictment for conspiring to intimidate a voter, that it was proposed to accomplish this purpose by peremptorily ordering, requiring, and directing him to vote for a particular candidate were of no legal effect.

2. INDICTMENT AND INFORMATION ⬉70—REQUISITES OF ACCUSATION—ARGU-MENTATIVENESS.
> In an indictment for conspiring to intimidate a voter in violation of Cr. Code, § 19 (Act March 4, 1909, c. 321, 35 Stat. 1092 [Comp. St. 1916, § 10183]), if allegations that defendants intended to threaten to use their efforts to cause sentence to be pronounced upon the voter on a criminal charge then pending against him for sentence was intended to charge a direct threat to have sentence pronounced, it was argumentative, and violated the rule that the offense must be stated positively, and that nothing can be brought into the indictment by argument or otherwise than by necessary inference.

3. CONSPIRACY ⬉28—CONSPIRACY TO INTIMIDATE VOTERS.
> A conspiracy by defendants to threaten a voter to use efforts to have sentence pronounced against him in a case pending against him for sentence was not a conspiracy to injure, oppress, threaten, or intimidate such voter in the free exercise of his right of voting, as whether such a threat would naturally raise in the mind of the voter any further apprehension of the infliction of sentence than he would otherwise apprehend and could amount to coercion was too conjectural.

4. CONSPIRACY ⬉43(6)—INDICTMENT—SUFFICIENCY.
> An indictment, alleging a conspiracy to threaten a voter with reference to the consequences of his vote for representative in Congress by telling him that he had better look out, and that defendants had got something on him, was too vague to charge a conspiracy to intimidate the voter, without an innuendo.

Patrick Welch and another were indicted for conspiracy.   On demurrers to the indictment.   Demurrers sustained.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
Wilson, Gardner & Churchill, of Providence, R. I., for defendants.

BROWN, District Judge.   The demurrers raise the question whether the indictment sufficiently charges a conspiracy under section 19 of the Criminal Code, to injure, oppress, threaten or intimidate a voter in the exercise of a right to vote freely for a representative in Congress.

[1] The indictment is in some respects similar to the indictment in the case of United States v. Henry C. Wilcox et al., No. 150, 243 Fed. 993, opinion handed down this day.   It contains the same allegations relating to "peremptorily ordering, requiring and directing" a voter, and the ruling in the former case that these words are without substance and of no legal effect is equally applicable to this case.

The indictment differs in respect to the proposed threats.   The first count defines the following as the means intended:

"And to threaten to use their efforts to cause sentence to be pronounced upon him on a certain criminal charge then still pending against him for sen-

tence in the city of Newport, in said state of Rhode Island, under the liquor laws of that state, unless he would so vote for said Roswell B. Burchard," etc.

The second count contains this language:

"To threaten the said Edward Whitehead with reference to the consequences of his vote for representative in Congress, by saying to the said Edward Whitehead, 'You had better look out; we have got something on you.'"

[2] The third count contains a similar allegation. The first intended threat set forth is not, as the brief of the United States contends, a threat of sending to jail, but only a threat to use their efforts to cause sentence to be pronounced upon a certain criminal charge then still pending for sentence. As was held in the Wilcox Case, a threat to use efforts to a certain end cannot be regarded as in substance the same as a direct threat of the thing to be accomplished by such efforts. If so intended, the pleading is argumentative, and violates the rule that the offense must be stated positively, and that nothing can be brought into the indictment by argument or other than necessary inference.

[3] If there is a conspiracy to coerce a voter the intended means should appear to have some adaptation to this end. A threat to make a charge of crime, or to institute a criminal prosecution, is of something within the power of the threatener, and may amount to intimidation. When, however, a criminal case has reached a point where it is "still pending against him for sentence," it rests between the prosecution and the court. The threat of "efforts to cause sentence to be pronounced" is very vague. Presumably sentence is to follow in due course of law, and this would be apprehended by the voter. Whether a threat to use efforts that this be brought about would naturally raise in the mind of the voter further apprehension of the infliction of sentence, and whether this could amount to coercion, is too conjectural for the practical purposes of the law; especially when there is added to the doubt whether anything could be done a doubt of the ability of the defendants to "use their efforts" successfully.

[4] The language of the second count is too vague to show a substantial menace. Without an innuendo it cannot be regarded as of any legal effect in a criminal indictment.

The demurrers are sustained.