**UNITED STATES of America,**
**Plaintiff,**

v.

**Elvin Cyril BAKER, Defendant.**

**Cr. No. 24113–CD.**

United States District Court,
S. D. California, Central Division.

Feb. 24, 1955.

Laughlin E. Waters, U. S. Atty., for Southern Dist. of California, Los Angeles, Cal., by Louis Lee Abbott and Lloyd F. Dunn, Assts. U. S. Atty., Los Angeles, Cal., for U. S.

Paul Fitting, Alhambra, Cal., for defendant.

TOLIN, District Judge.

The decision of this case requires definition of the words "attempt" and "intimidation" as they are used in the statute involved [1] and the indictment [2] returned in this action.

■ By dictionary definition, "attempt" means [3] "to make trial or experiment of; to try; to endeavor to do or perform; to venture upon; * * *." This meaning is common in the society which adopted the statute involved, and has been accepted by numerous courts.[4]

The classical legal elements of an "attempt" are the *intent* to commit a crime, the execution of some overt *act* in pursuance of the intention, and a *failure to consummate* the crime.[5]

■ "Intimidate," according to Webster, means "to make timid or fearful; to inspire or affect with fear; to make fearful; to frighten; specif., to deter, as by threats; to overawe; cow."[6] Synonyms given are "abash", "terrify", "daunt", "cow", "deter". The courts have given a similar interpretation to the word.

"Intimidation in the law of robbery means putting in fear, and the fear must arise from the conduct of the accused rather than the mere temperamental timidity of the victim. The fear need not be so great as to result in great terror, panic, or hysteria." [7]

In the law of robbery, both in the common law and in many old statutes, the term used was "putting in fear". The modern draftsmen have changed the words but not the meaning. They employ the single word "intimidation", but the meaning is identical.[8]

■ In a robbery case, it is not necessary that the robbery be accomplished by means of both force and fear. Procuring the property by means of either force or fear is sufficient to comply with

---

1. U.S.C.A., Title 18, § 2113(a).

2. "On or about January 12, 1955, in Los Angeles County, California, within the Central Division of the Southern District of California, defendant Elvin Cyril Baker, by intimidation, did knowingly and wilfully attempt to take from the person and presence of another, namely: Murrette J. Holland, money belonging to, and in the care, custody, control, management, and possession of, a bank, namely: the Main Office of the Citizens National Trust and Savings Bank of Los Angeles, which bank was then a bank whose deposits were insured by the Federal Deposit Insurance Corporation."

3. Webster's New International Dictionary, 2nd Edition.

4. See e. g., State v. Fielder, 210 Mo. 188, 109 S.W. 580; State v. Jones, 227 N.C. 402, 42 S.E.2d 465; Dooley v. State, 27 Ala.App. 261, 170 So. 96; State v. Crawford, 21 Ariz. 501, 190 P. 422.

5. State v. Leach, 36 Wash.2d 641, 219 P.2d 972; People v. Fiegelman, 33 Cal. App.2d 100, 91 P.2d 156; People v. Anderson, 1 Cal.2d 687, 37 P.2d 67; 22 C. J.S., Criminal Law, § 73 et seq.; 14 Am. Jur., Criminal Law, § 65 et seq.

6. Webster's New International Dictionary (1925 Edition).

7. 77 C.J.S., Robbery, § 16.

8. Tanner v. State, 1919, 24 Ga.App. 132, 100 S.E. 44.

the requirements of the statute.[9] In 54 Cal.Jur. 1067, Section 173, it is said, " 'Where intimidation is relied upon, it must be established by proof of conduct, words, or circumstances reasonably calculated to produce fear. But is is not necessary that there be proof of actual fear, as fear may be presumed where there is just cause for it.' " [10]

■ It is apparent that in the statute under consideration [11] the "attempt" relates to the *taking* and not to the intimidation. Thus, what is involved in this indictment is an *attempted taking* by intimidation, the means being intimidation, or putting in fear instead of by force.

Defendant's counsel has argued that the facts of the case at bar spell out a kind of panhandling or begging situation but that the element of "intimidation" is lacking and that whatever the facts might prove, they do not sustain the charge of "attempt * * * by intimidation * * * to take from the * * * presence of another." The defense relies on United States v. Wilcox, D.C., 243 F. 993, which held that " 'peremptorily ordering, requiring and directing' does not amount to intimidation". The defense also cites several other cases,[12] considerably different from this case on their facts. The Court does not find these authorities persuasive.

A crucial point in the case at bar is that the defendant is prosecuted for an "attempt". This Court need only determine whether this defendant did knowingly and wilfully by intimidation *attempt to take* from the person and presence of another money in the care, custody and control of a bank whose deposits were insured by the Federal Deposit Insurance Corporation.

■ The facts proved by the evidence are these:

On January 12, 1955, defendant went into the Farmers and Merchants National Bank of Los Angeles, at Fourth and Main Streets, in Los Angeles, and wrote out a note [13] which he did not like, and

9. 77 C.J.S., Robbery, § 10; 46 Am.Jur., Robbery, § 14.

10. Quoted with approval in People v. Borra, 1932, 123 Cal.App. 482, 11 P.2d 403, 404.

11. 18 U.S.C.A. § 2113(a).

12. United States v. Welch, D.C., 243 F. 996; Allis-Chalmers Co. v. Iron Molders' Union No. 125, C.C., 150 F. 155; Johnson v. State, 1 Ga.App. 729, 57 S.E. 1056.

13.

"Los Angeles, California, ——— 19——"

"Received In Person From

"The Farmers And Merchants National Bank of Los Angeles"

"Amount All you Got Dollars $ $ "

"This Receipt is For Use Only at the Bank by the Drawer Personally and is Not Negotiable"

"To Be Charged To My Account" "Please, Place in papr sack."

" $ E C B."

"Date ——— 19—— Counter Receipt to Myself Only "For Counter Use Only Not Negotiable"

"627–8–53–50M"

discarded. He left the bank, went into a liquor store, and asked for a paper sack. A sack he already had in his possession was hardly big enough to fulfill his intention.[14] He walked two blocks to the Citizens National Trust and Savings Bank of Los Angeles, at Fifth and Spring Streets. After entering the bank, he wrote something on a check, but didn't like it so tore it up and put it into a waste basket. He then wrote out a third note which read, "Please check all, into this sack, Thank you E C B". Proceeding to a teller's window from which a woman had just left and where there were no waiting customers, defendant handed the note to the bank teller and pushed the paper sack in alongside it. She picked up the note and read it, and then said, "What is this?" Defendant said,[15] "Read it again; do as I say and there won't be any trouble." The teller recalled the conversation as, "Just put everything you have in the sack and there won't be any trouble." The teller then tripped an alarm which summoned guards who held defendant. The teller, a woman, testified that she immediately became a little nervous, and later was so nervous that she could not handle her duties at the window.

There is no suggestion in the evidence that defendant was attempting a commercial transaction. The handing of similar notes to bank tellers is a familiar *modus operandi* of both armed and unarmed bank robberies. It is a kind of attempt to rob which has often succeeded. The fact that this teller called for help instead of handing over money, keeps this case an attempt. The method used has often induced a bank teller to part with cash, for the circumstances do not admit of an examination to determine whether the man at the window is armed or not. The very presence of a man, having a note, who assures the teller, "Do as I say, and there won't be any trouble", infers that failure to do as ordered is an invitation to trouble. Defendant intended to get money from the teller by intimidation. That the teller called for help shows an awareness on her part of the defendant's intention. That she did not respond as defendant expected, saves defendant from having committed the robbery he planned, but does not wipe out his overt acts wilfully done as an endeavor to do or perform and, hence, an attempt to commit, a bank robbery.

The Court finds that each allegation of the indictment has been proved beyond a reasonable doubt.

The Court finds defendant guilty as charged.

14. Defendant's testimony.

15. Defendant's testimony.