UNITED STATES of America,
Plaintiff-Appellee,

v.

Nicholas DEMETRE, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

James J. HOLLEY, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Doyle STEVENS, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Hoyle STEVENS, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles W. THOMPSON, Defendant-Appellant.

Nos. 71-1520 to 71-1524.

United States Court of Appeals,
Sixth Circuit.

June 16, 1972.

R. Wayne Peters (Court-appointed), Stophel, Caldwell & Heggie, Chattanooga, Tenn., on brief for appellant Nicholas Demetre.

Edwin L. Nelson (Court-appointed), French & Nelson, Fort Payne, Ala., on brief for appellants James J. Holley, Hoyle Stevens.

Harold S. Duncan, Chattanooga, Tenn. (Court-appointed), on brief for appellants Doyle Stevens, Charles W. Thompson.

John L. Bowers, Jr., U. S. Atty., E. D. Tenn., W. Lloyd Stanley, Jr., Asst. U. S. Atty., Chattanooga, Tenn., on brief for plaintiff-appellee.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

O'SULLIVAN, Senior Circuit Judge.

Nicholas Demetre, James J. Holley, Doyle Stevens, Hoyle Stevens, and Charles W. Thompson, defendants-appellants, seek reversal of their convictions under an indictment which, in twenty-four counts, charged violations of Title 18, U.S.C. § 1341—devising and executing a scheme to defraud various businesses through use of the United States mails. Trial to a jury was had in the United States District Court for the Eastern District of Tennessee, Southern Division, with Honorable Frank W. Wilson presiding. Judgments of conviction were entered upon the jury's verdict on March 18, 1971.

The jury found all of the appellants guilty on each of the twenty-four counts of the indictment. The judge imposed sentences [1] of two years on Demetre, three years on Holley, ten years on Doyle Stevens, six years on Hoyle Stevens, and three years on Charles W. Thompson. While the validity of the sentences is not here involved, we mention that they appear to be nicely commensurated to the appellants' respective involvements in the illegal enterprise.

We affirm.

The undertaking that we deal with has enjoyed past and current popularity and acceptance among criminal adventurers of our society. See United States v. Piccini, 412 F.2d 591 (2d Cir. 1969); United States v. Ayotte, 385 F.2d 988 (6th Cir. 1967); United States v. Vida, 370 F.2d 759 (6th Cir. 1966); Kaplan v. United States, 7 F.2d 594 (2d Cir. 1925). It involves the use of the United States mails to obtain merchandise from various sources, dispose of it and convert the proceeds without paying for the merchandise. Such a plan was described by Judge Learned Hand as a scheme,

> "to obtain supplies, make quick sales, collect the proceeds, and then allow the company to fall into bankruptcy, making off with such loot as might meanwhile have been gathered." Kaplan v. United States, 7 F.2d 594, 595 (2d Cir. 1925).

As far as the record before us discloses the scheme of appellants was foiled before the usual bankruptcy. We are not advised as to the actual amount of

---

1. The maximum sentence that could have been imposed was five years on each count.

the "take" from the total endeavor. There was evidence that orders for the purchase of goods priced in the neighborhood of $200,000 were sent out. The merchandise actually received had an aggregate price of over $100,000. The value of the goods that were recovered by United States Postal Inspectors is not clear.

All of the defendants were allowed to prosecute an appeal *in forma pauperis,* a transcript of 2140 pages being provided at government expense.

The principal enterprise, Tennessee Wholesale Supply Company (Tennessee Wholesale) was formed by appellant Doyle Stevens on November 15, 1969. On a form obtained from the Better Business Bureau, Tennessee Wholesale listed Doyle Stevens as the "owner" and Charles Thompson as the "purchasing agent." Business cards bearing the names of Doyle Stevens and Charles Thompson as "owner" and "purchasing agent" respectively also contained the name of Hoyle Stevens listed as "sales manager." Tennessee Wholesale began soliciting purchase orders in December of 1969 and on these orders it listed Market Developers, National Investors and Progressive Advertising as credit references. The mails were used to distribute such purchase orders, credit references and other writings in furtherance of the scheme. Appellants Demetre and Holley were partners in Market Developers and also in the newly formed company of National Investors.[2] Roger Norman and Anthony Padavana, also convicted but not involved in this appeal, operated the firm of Progressive Advertising. Progressive commenced its operations at approximately the same time as Tennessee Wholesale in late 1969. These companies when contacted by prospective sellers to Tennessee Wholesale would furnish glowing credit reports indicating business dealings with Tennessee Wholesale over a period of two years. Such representations were false.

■■ Appellants assert that the government's evidence was insufficient to support the verdicts of the jury. In testing such contention, we view the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Obeying such rule, we conclude that the government had the "goods" on these appellants. Purchases were made only on credit—C.O.D. deliveries were refused—when a seller requested some advance on account, the order was cancelled. None of the accounts were paid, although some were over sixty days past due. A substantial amount of the merchandise acquired was sold at cost, or below, while other items were sold in bulk. Postal inspectors observed merchandise being taken out of the store and transported away in privately rented trucks. There was sufficient evidence to warrant submission of the issue of guilt to the jury.

■■ Appellant Demetre charges error in the District Judge's denial of his motion for a severance. A ruling on such a motion is within the sound discretion of the district judge and will not be disturbed unless there is a showing that there was an abuse of such discretion. United States v. Amerine, 411 F. 2d 1130, 1132 (6th Cir. 1969); United States v. Vida, 370 F.2d 759, 765 (6th Cir. 1966), cert. denied, 387 U.S. 910, 87 S.Ct. 1695, 18 L.Ed.2d 630 (1967); United States v. Morgan, 394 F.2d 973 (6th Cir. 1968). In United States v. Vida, *supra,* we said:

> "A district judge has the power to order a severance under Rule 14, F.R. Crim.P., and indeed has a 'continuing duty at all stages of the trial to grant a severance if prejudice does appear.'" 370 F.2d at 765.

In *Vida* counsel failed to request a severance. We said, however:

> "Had he [trial counsel] so moved and been denied such relief, we would not find abuse of discretion, considering

2. Roger Norman at one time had an interest in this company.

what the record had made known to us." 370 F.2d at 765.

Our consideration here of what the record has "made known to us" leaves us unconvinced that the trial judge's denial of the motion for severance was an abuse of discretion.

 Appellant Demetre argues that his participation in the overall plan was "only peripheral." It is not required of us to measure the degree of his guilt if there was evidence to justify submission of the issue to the jury. No showing of special prejudice toward Demetre is made. We find no abuse of the District Judge's discretion. Careful measuring of the varying degrees of guilt of the several defendants by the District Judge is portrayed by the fact that Demetre received the lightest sentence of any of the participants.

■ Error is charged on the trial judge's allowing the government's attorney to examine appellant Doyle Stevens on matters concerning King Stores.[3] While the record is unclear as to what prejudice to appellants could flow from such examination, it is indicated that King Stores was the name of an enterprise known to have been a "racket." Doyle Stevens asserted that he used only purchase orders prepared and constructed by him, and not copied from any other order forms. To show the untruth of this claim, a former employee of Stevens testified that she was given a box of King Stores' purchase orders by appellant Doyle Stevens and directed to copy the information in them onto Tennessee Wholesale forms. The examination was permissible impeachment.

■■ Appellants Doyle Stevens and Charles Thompson charge error in the failure of the District Judge, *sua sponte*, to give instructions to the jury upon the ramifications of a sole proprietorship and its business dealings. No such instructions were proffered to the District Judge, as required by Rule 30, Fed.R. Crim.P., nor were they offered to the

court when it asked if there was anything further that the attorneys wished to add to the instructions already given. In a criminal case, a trial judge should, without special request therefor, instruct a jury as to the elements of the crime charged. United States v. Gillilan, 288 F.2d 796, 797 (2d Cir. 1961), cert. denied, 368 U.S. 821, 82 S.Ct. 38, 7 L.Ed.2d 26. The judge's charge as given adequately covered what the government was required to prove. The instructions now proposed might indeed have been given if request therefor had been made. But we do not find plain error in the District Judge's failure to give them *sua sponte*. We have examined other alleged errors and find that they are without merit.

Judgment affirmed.

---

3. King Stores involved a similar scheme to defraud creditors by purchasing items on credit.