UNITED STATES of America, Plaintiff-Appellee,

v.

Arthur ROBINSON, Defendant-Appellant.

No. 75–1553.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 16, 1975.

Decided Dec. 23, 1975.

Federal Defenders Office, Gershwin Drain, Detroit, Mich., William L. Woodard, Detroit, Mich., for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Loren G. Keenan, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before PECK, McCREE and MILLER, Circuit Judges.

JOHN W. PECK, Circuit Judge.

Defendant-appellant was convicted at a jury trial in district court of taking "by intimidation" of a bank teller about twelve hundred fifty dollars belonging to a federally-insured bank. 18 U.S.C. § 2113(a) (1970). On appeal, appellant challenges the sufficiency of the evidence to support the jury's implicit finding of "intimidation."[1] The standard against which the evidence must be considered has recently been restated by this court:

> "Of course, in testing the sufficiency of the evidence, the evidence as well as the inferences properly deducible therefrom must be viewed 'in the light most favorable to the government.'" *United States v. Stull,* 521 F.2d 687, 689 (6th Cir. 1975), citing *United States v. Demetre,* 461 F.2d 971, 973 (6th Cir. 1972) and *United States v. Shipp,* 359 F.2d 185, 188 (6th Cir.), *cert. denied,* 385 U.S. 903, 87 S.Ct. 213, 17 L.Ed.2d 134 (1966).

So viewed, we find sufficient evidence and, consequently, affirm.

The victim teller testified that appellant, who had been "looking around the bank" as he waited in line, gave her a check for one hundred and ten dollars ($110), apparently to cash, and "mumbled" several times, without being understood, concerning the location of a purported account with the bank. Appellant then said, "Give me all your money," sliding a "black pouch" across the counter to her as he did so. Then, when the teller attempted to fill the black pouch with bait money, he said, "Don't give me that, that's not enough." Though the teller admitted on cross-examination that appellant had made no explicit threat of harm and had both hands on the counter in front of the teller's cage, and thus apparently visible to her, the teller also testified that appellant wore "a black leather coat." An off-duty police officer, apparently in civilian clothes, near the teller's cage, noticed appellant as being "extremely nervous at the time he entered the line and, as the line progressed, . . . bec[oming] more nervous, continuously looking around, watching the doors."

That the teller testified that she was "very scared" is at best inconclusive, since "[t]he courageousness or timidity of the victim is irrelevant; it is the acts of the accused which constitute an intimidation." *United States v. Alsop,* 479 F.2d 65, 67 (9th Cir. 1973).

Focusing on the accused's acts, or lack thereof, appellant claims that because appellant did not display a weapon, *United States v. Alsop, supra* (apparently authentic-looking toy gun), *United States v. Roustio,* 455 F.2d 366 (7th Cir. 1972); *United States v. King,* 453 F.2d 9 (1st

---

1. The district court, finding "no evidence of force or violence," instructed the jury concerning intimidation.

   "Now, to take or attempt to take by intimidation means willfully, to take or attempt to take by putting in fear of bodily harm. Such fear must arise from the wilful conduct of the accused rather than from some temperamental timidity of the victim. However, the fear of the victim need not be so great as to result in terror, panic or hysteria.

   "Taking or attempting to take by intimidation must be established by proof of one or more acts or statements of the accused which were done or made in such manner and under such circumstances as would produce, in the ordinary person, fear of bodily harm. However, actual fear need not be proved.

   "Fear, like intent, may be inferred from statements made or an act done or omitted by the accused, by the victim as well, and from all the surrounding circumstances shown by the evidence."

   Appellant has failed to challenge that instruction, which is virtually identical with the instructions sustained in *United States v. Alsop,* 479 F.2d 65, 66–67 (9th Cir. 1973), and approved in *United States v. Brown,* 412 F.2d 381, 384 n. 4 (8th Cir. 1969). See 2 E. Devitt & C. Blackmar, Federal Jury Practice & Instructions § 48.05 (2d ed. 1970). The jury returned a general verdict of "guilty."

Cir. 1972), "hint" at a weapon by putting his hand inside his coat or pocket, *United States v. Brown,* 412 F.2d 381 (8th Cir. 1969), tell the teller he had a weapon, *United States v. Jacquillon,* 469 F.2d 380 (5th Cir. 1972), *cert. denied,* 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed.2d 604 (1973), *Roustio, supra,* or more or less explicitly threaten the teller, *Jacquillon, supra; King, supra; United States v. Epps,* 438 F.2d 1192 (4th Cir. 1971); *Brown, supra; United States v. Baker,* 129 F.Supp. 684 (S.D.Cal.1955); *Roustio, supra,* there was insufficient evidence of intimidation.

The cases just mentioned, however, without exception found sufficient evidence of intimidation. That those cases found intimidation in the display of a weapon, the verbal or nonverbal "hint" of a weapon, or an explicit threat, of course, does not compel that such display, "hint," or threat is a *sine qua non* of intimidation.

We recognize that some state court opinions somewhat broadly state that "a mere demand made in a rough, positive voice" is insufficient to reasonably excite an "apprehension of danger" or "fear,"[2] *Parnell v. State,* Okl.Cr., 389 P.2d 370, 374 (1964), *Davis v. Commonwealth,* 21 Ky.L.Rep. 1295, 54 S.W. 959 (1900), but different circumstances were presented in those cases (a "demand" from an acquaintance in *Davis,* and a "request" for a higher than agreed to sum from a customer in *Parnell*), and in those circumstances the "ordinary person" would be less likely to fear bodily harm should he fail to comply with the demand. However, we hold that a jury would be justified in finding intimidation where a man clothed in a "leather coat" (so that a weapon could presumably be concealed) after waiting somewhat nervously in line, attempts, at best, a sham commercial transaction, see *Baker, supra,* and commands with the imperative "give" a teller to turn over "*all* [her] money." Especially in an era characterized by a dramatic increase in crime generally and of bank robbery in particular, and by increased violence, see, e. g., FBI, *Crime in the United States 1974* at 10–11, 26 (1975), such circumstances could well "produce in the ordinary person fear of bodily harm," *Alsop, supra,* 479 F.2d at 67. An "ordinary person" in the teller's position could reasonably, we think, infer an implicit threat in the demand, "Give me all your money," accompanied by the presentation of a "black pouch." That appellant was less verbal than the robbers in *Jacquillon; King; Epps; Brown; Baker* or *Roustio,* in these circumstances, we think, is immaterial.

Since we conclude that the properly instructed jury's finding of intimidation which was necessary to its guilty verdict is justified by the record before us, the judgment will be affirmed.

---

**2.** Though 18 U.S.C. § 2113(a) (1970) now requires "force," "violence," or "intimidation," its predecessor, 12 U.S.C. § 588b(a) (1946), proscribed takings and attempted takings by "force," "violence," or "putting in fear." *Gant v. United States,* 161 F.2d 793, 795 n. 1 (5th Cir. 1947). The draftsmanship change to "intimidation," rather than "putting in fear," has been characterized as technical rather than substantive. *United States v. Baker,* 129 F.Supp. 684, 685 (S.D.Calif.1955). Consequently, cases construing state robbery statutes and common law robbery, requiring "putting in fear," are relevant in interpreting "intimidation" for section 2113(a).