922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford HAIRSTON, Defendant-Appellant.
 No. 90-3091.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1991.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant Clifford Hairston has appealed his conviction pursuant to a jury verdict in the United States District Court for the Northern District of Ohio for bank robbery in violation of 18 U.S.C. Sec. 2113(a).
 
 
 2
 On August 3, 1989, at approximately 3:45 p.m., a lone black male entered the Bank One branch at 510 Superior Avenue, Cleveland, Ohio and approached teller Loren Petrilla. He handed her a written note that demanded all her money--no small bills. Pursuant to previous training, Petrilla immediately and intentionally scrutinized the features, apparel and general appearance of the robber, who was no more than two and a half feet away from her for about five seconds in order to get "a good look at his face" and to "reassure" him that she would comply with his command and not do anything "stupid." As Petrilla handed the robber $883 in cash, she activated the bank surveillance cameras and a silent alarm system. When the robber departed the teller, she took a "clothing inventory," to remember what he was wearing.[1]
 
 
 3
 Petrilla described the robber to FBI agents, on the day of the robbery, as a black male, who was approximately 5'6" or 5'7", 25-30 years of age, with a moustache, of thin build, with dark rimmed sunglasses, a dark blue or black cap with an unknown logo, and a navy blue sweatsuit jacket with a "Nike" insignia and white stripes down the sleeves. She stated that she could identify him. She positively identified the appellant in court.
 
 
 4
 The day following the robbery, Isaac Diggs and James Black reported that, from the bank's surveillance photograph viewed on television, they recognized the robber as an individual known as Clifford, who frequently visited his girlfriend, an employee of the Sportsman Restaurant in downtown Cleveland. The physical and clothing description of both witnesses fit the appellant. Diggs testified that, about an hour before the robbery, he had seen the appellant wearing a dark baseball cap with an insignia on the front and a dark jacket similar to the one that the bank robber had worn. At trial, both Diggs and Black positively identified the appellant.
 
 
 5
 Special Agent Richard Wrenn of the FBI presented Petrilla with an array of black and white photographs of five black males with moustaches including the photograph of the appellant for identification purposes. Without hesitation, she positively identified the appellant as the bank robber.
 
 
 6
 On August 11, 1989, FBI agents arrested Hairston. The information recorded at the time of his arrest described Hairston as 5'6" and weighing 135 pounds.
 
 
 7
 Prior to trial, the appellant filed a motion to suppress Petrilla's anticipated in-court identification of the appellant because, he charged, that the five-photograph array which included his 14-year-old photograph, had been overly suggestive. The district court denied the motion.
 
 
 8
 The court denied defendant's Fed.R.Crim.P. 29 motion for acquittal at the conclusion of the evidence. The jury, on November 2, 1989, found the appellant guilty of bank robbery. The district court entered judgment and sentence on January 22, 1990. A timely notice of appeal was filed.
 
 
 9
 On appeal, the appellant has argued that the jury verdict was against the manifest weight of the evidence, that the district court erred in denying the appellant's Rule 29 motion for acquittal in that the prosecution failed to prove a required element--force, violence, or intimidation--of the crime charged in the indictment, and that the district court erred in denying the appellant's motion to suppress identification evidence.
 
 
 10
 When reviewing for sufficiency of the evidence, the appellate court must view the evidence and all reasonable inferences from the evidence in the light most favorable to the government. United States v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982). The standard of review is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986).
 
 
 11
 The prompt, positive identification of the appellant by three separate individuals, at least one of whom had been a trained observer, coupled with their accurate descriptions of the appellant, supplied more than sufficient evidence to support the jury's verdict.
 
 
 12
 The appellant argues that the prosecution failed to prove beyond a reasonable doubt that force, violence, or intimidation was used to commit this crime as required by 18 U.S.C. Sec. 2113(a). In considering a Rule 29 motion for acquittal, and the evidence in the light most favorable to the government, the motion may be granted only if it appears that the jurors must have a reasonable doubt as to the existence of at least one of the essential elements of the crime charged. Glasser v. United States, 315 U.S. 60 (1942); United States v. Adamo, 742 F.2d 927 (6th Cir.1984). The analysis is essentially the same as that in insufficiency of the evidence cases. Id.
 
 
 13
 A taking by intimidation occurs when an ordinary person, in the teller's position, reasonably could infer a threat of bodily harm from the defendant's acts. United States v. Robinson, 527 F.2d 1170 (6th Cir.1975). This court concludes that an ordinary, prudent person could have reasonably inferred that an individual demanding money from a bank teller under the circumstances of this case had the intent to back up the demand with force or violence. The confrontation itself created the requisite intimidation.
 
 
 14
 The admission of an in-court identification is reviewed for abuse of discretion. United States v. Browne, 829 F.2d 760 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988). When an identification procedure is challenged, due process requires that a court must first consider whether the identification procedure was impermissibly suggestive. The court thereafter must determine if the in-court identification was nevertheless reliable in view of the totality of the circumstances. Simmons v. United States, 390 U.S. 377 (1968). The standard applied in arriving at a resolution is whether, under the totality of the circumstances, there were impermissibly suggestive identification procedures which caused a very substantial likelihood of irreparable misidentification. United States v. Hamilton, 684 F.2d 380 (6th Cir.1982).
 
 
 15
 The criteria to be applied in arriving at a decision are: (1) the opportunity of the witness to view the criminal, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description, (4) the witness's level of certainty, and (5) the length of time between the first view of the criminal and the subsequent identification. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); United States v. Tyler, 714 F.2d 664 (6th Cir.1983).
 
 
 16
 The appellant has presented no evidence to indicate that the photographic array was impermissibly suggestive. Furthermore, an analysis under Neil v. Biggers supports the admission of Petrilla's in-court identification. The teller testified that she deliberately focused on the face before her during the confrontation with the bank robber, and that she inventoried his features and appearance. Her description of the robber immediately subsequent to her confrontation was substantially accurate and her identification of his photograph four days after the robbery was absolute. The district court did not abuse its discretion in permitting the in-court identification.
 
 
 17
 For the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Appellant's argument that the investigation of the robbery failed to disclose any red stained clothing or currency in his possession or markings upon his body when he was taken into custody is less than convincing. Appellant had more than adequate time before his arrest to dispose of any contaminated apparel or currency and to cleanse his body of any red stain that may have resulted from the explosion of the dye bomb which was triggered as he passed through the front doorway of the bank