1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Robert SMITH, Defendant-Appellant.
 No. 92-6311.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: GUY and NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Michael Robert Smith, was convicted of bank robbery in violation of 18 U.S.C. Sec. 2113(a). On appeal, although admitting the robbery, Smith claims the evidence was insufficient to support a finding of robbery by intimidation.
 
 
 2
 Defendant also challenges the district judge's refusal to grant him a two-point reduction in his sentencing computation for acceptance of responsibility.
 
 
 3
 This panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Finding no error, we affirm.
 
 I.
 
 4
 Smith robbed a branch of the First Tennessee Bank in Knoxville, Tennessee. He walked into the bank and handed the teller a note, which read: "Give me your money $100.00s $50.00s $20.00s. No dye packs and no alarms." Smith was wearing a jacket and kept one hand below the counter where the teller could not see it. The teller believed the robbery was for real and began filling a bag with money. Smith repeated the admonition of the demand note and told the teller, "No dye packs." After the teller had placed $15,870 in the bag, Smith told her, in what the teller describes as a low, gruff voice, "That is enough." He then left the bank. After subsequently being apprehended, Smith entered a plea of not guilty to the charge of bank robbery.
 
 
 5
 At trial, the defendant admitted his guilt to the lesser included offense of bank larceny and stipulated that: he took the money from the custody of the First Tennessee Bank; the bank was insured by the Federal Deposit Insurance Corporation; he wrote the demand note; and he was the person in the photos taken by the bank surveillance camera. The only issue submitted to the jury was whether the robbery was effected through the use of intimidation by the defendant. The jury found that it was.
 
 II.
 
 6
 Defendant argues that because he brandished no weapon and made no overt threats to the teller the essential element of intimidation was lacking.[1] We disagree. There is no requirement of any actual, physical intimidation. No weapons need be displayed. As we stated in United States v. Robinson, 527 F.2d 1170, 1172 (6th Cir.1975):
 
 
 7
 An "ordinary person" in the teller's position could reasonably, we think, infer an implicit threat in the demand, "Give me all your money," accompanied by the presentation of a "black pouch." That appellant was less verbal than the robbers in [other cases], in these circumstances, we think, is immaterial.
 
 
 8
 We believe the facts here are stronger than in Robinson. The defendant kept one hand hidden, which hand could well have held a weapon insofar as the teller was concerned. Furthermore, the note, in asking for small bills and in specifying no dye packs and no alarms, suggested the robber was familiar with bank security and may well have been an experienced bank robber. The teller testified she "breathed a sigh of relief that he was gone...." (App. 33). A demand note itself, being a tool of the trade of bank robbers, is a form of intimidation. In any event, it is clear the teller was intimidated to the point that she did exactly what Smith told her to do.[2]
 
 
 9
 In sum, we find an adequate factual basis in the record to support a jury finding of intimidation.
 
 III.
 
 10
 Defendant's argument for a two-point reduction for acceptance of responsibility is predicated largely on the fact that he admitted he was guilty of bank larceny and stipulated to many key facts in his robbery trial.
 
 
 11
 We review a district court's determination of acceptance of responsibility under a clearly erroneous standard. United States v. Payne, 962 F.2d 1228 (6th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 811 (1992). Our review of the record convinces us the trial judge correctly resolved this issue. The facts that defendant admitted were readily provable by the government; defendant denied the key fact--intimidation--and put the government to its proofs. The sentencing guidelines indicate a downward adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. Sec. 3E1.1, comment. (n. 2).
 
 
 12
 Furthermore, Smith did not voluntarily terminate his criminal conduct; did not turn himself in; and has never assisted in recovery of the stolen money, offered to pay it back, or disclosed what happened to the money. These are all factors inconsistent with acceptance of responsibility.
 
 
 13
 Accordingly, the judgment of the district court is AFFIRMED. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 18 U.S.C. Sec. 2113(a) reads in pertinent part: "Whoever, by ... intimidation, takes ... any ... money ... in the custody ... of, any bank ... shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."
 
 
 [2]
 During cross-examination of the teller, the following exchange took place:
 Q. At anytime did he make a threat to you, ma'am?
 A. Yes.
 Q. And the threat was?
 A. The note.
 Q. What did the note threaten?
 A. Well, the note said "give me your money 100.00s 50.00s 20.00s. No dye packs, no alarms." That is a threat to me.
 (App. 40-41).