Filed 6/27/08

NO. 4-07-0545

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from
        Plaintiff-Appellee, ) Circuit Court of
        v. ) McLean County
CHADWICK N. BARNER, ) No. 06CF848
        Defendant-Appellant. )
                        ) Honorable
                        ) Kevin P. Fitzgerald,
                        ) Judge Presiding.

_____

        JUSTICE KNECHT delivered the opinion of the court:

        In December 2006, a jury convicted defendant, Chadwick N. Barner, of financial institution robbery (720 ILCS 5/16H-40 (West 2004)), a Class 1 felony.  In April 2007, the trial court sentenced defendant to 12 1/2 years' imprisonment.  On appeal, defendant contends the evidence was insufficient to convict him of financial institution robbery because, although he concedes the robbery, the State failed to prove he took the money by force, threat of force, or intimidation, as required by the statute.  We affirm.

I. BACKGROUND

        Defendant acknowledges he committed the robbery but argues no evidence showed he used intimidation during the commission of the robbery of the financial institution as required by statute.

The bill of indictment, filed on August 30, 2006, alleged defendant committed financial institution robbery "in that he knowingly and by threat of force or intimidation took money in the custody, control, care, management[,] or possession of Illini Bank, a financial institution."

At defendant's December 2006 jury trial, Cynthia Scott testified she was employed with Illini Bank in Danvers, Illinois, as a teller on July 19, 2006.  Around noon on that date, an unusual looking person entered the bank.  This person was wearing a black wig, sunglasses, and a dress.  The person's face and neck were painted black, and he had tissue stuffed up his nose.  The person was carrying a large black purse.  As stated, defendant acknowledges he was this person who robbed the bank.

Defendant told Scott to "[g]ive me the money."  Scott was "scared," but gave defendant the money from her drawer.  Defendant, in a calm but firm tone, again stated "[g]ive me the money."  Scott took this to be an "order."  Scott opened up somebody else's drawer, grabbed some money, and put it on the counter.  Defendant put the money in the purse and ran away.  The experience left Scott feeling "traumatized, scared."

Photographs of the incident show that defendant had his left hand behind the purse while he approached the teller's counter.  The purse was large enough to conceal a weapon.

The jury convicted defendant, and the trial court

- 2 -

sentenced him as stated.

This appeal followed.

## II. ANALYSIS

Defendant contends the facts are undisputed and thus the appropriate standard of review is de novo. The State argues the parties dispute what facts can be reasonably inferred from the trial evidence; and thus the relevant question is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We agree with the State. However, insofar as we are a called upon to interpret the financial-institution-robbery statute, which is a question of law, we review that issue de novo. See People v. Brooks, 221 Ill. 2d 381, 388, 851 N.E.2d 59, 62 (2006).

As stated, the State charged defendant with financial institution robbery.

> "A person commits the offense of
> financial institution robbery when the
> person, by force or threat of force, or by
> intimidation, takes, or attempts to take,
> from the person or presence of another, or
> obtains or attempts to obtain by extortion,
> any property or money or any other thing of
> value belonging to, or in the care, custody,

- 3 -

control, management, or possession of, a financial institution."  720 ILCS 5/16H-40 (West 2006).

It is undisputed defendant did not use force or explicitly threaten the use of force.  The issue here is whether defendant used intimidation.

The financial-institution-robbery statute does not define "intimidation."  Neither do any Illinois decisions address this issue.  As a result, defendant urges this court to construe the financial-institution-robbery statute with the intimidation statute (720 ILCS 5/12-6 (West 2004)).

"Under the doctrine of in pari materia, two statutes dealing with the same subject will be considered with reference to one another to give them harmonious effect. [Citation.]  The doctrine is also applicable to different sections of the same statute, and is consistent with the fundamental rule of statutory interpretation that all the provisions of a statute must be viewed as a whole. [Citation.]"  People v. McCarty, 223 Ill. 2d 109, 133-34, 858 N.E.2d 15, 31 (2006).

We conclude it would not be proper to read the

- 4 -

financial-institution-robbery statute in para materia with the intimidation statute as they do not concern the same subject. "The purpose of the intimidation statute is to prohibit the making of threats intended to compel a person to act against his will, and the gist of the offense is the exercise of improper influence--the making of a threat with the intent to coerce another." People v. Peterson, 306 Ill. App. 3d 1091, 1099-1100, 715 N.E.2d 1221, 1227 (1999); see also People v. Verkruysse, 261 Ill. App. 3d 972, 975, 639 N.E.2d 881, 883 (1994) ("'gravamen of the offense [of intimidation] is improper influence on another.' (People v. Tennin (1987), 162 Ill. App. 3d 520, 525, 515 N.E.2d 1056[, 1059].)"). The legislature has declared the financial-institution-robbery statute concerns the subject of financial crime. See 720 ILCS 5/16H-5 (West 2004).

Moreover, "[s]tatutes should be construed, if possible, so that no term is rendered superfluous or meaningless." Bonaguro v. County Officers Electoral Board, 158 Ill. 2d 391, 397, 634 N.E.2d 712, 715 (1994). If we read the term "intimidation," as used in the financial-institution-robbery statute, to require a threat as defendant urges, it would be redundant, as the statute states "[a] person commits the offense of financial institution robbery when the person, by force or threat of force, or by intimidation." 720 ILCS 5/16H-40 (West 2004). Because the statute talks about force or the threat of

force <u>in</u> <u>addition</u> <u>to</u> intimidation, the term "intimidation" must mean something other than force or the threat of force.

Instead, we look elsewhere to help us construe the financial-institution-robbery statute. The legislative history shows this statute was "modeled very tightly after existing federal and State statutes." 93d Ill. Gen. Assem., Senate Proceedings, April 4, 2003, at 44-45 (statements of Senator Cullerton). The bill created financial crimes that "have been traditionally under the purview of the Federal Government." 93d Ill. Gen. Assem., House Proceedings, May 14, 2003, at 164-65 (statements of Representative O'Brien). The federal bank-robbery statute (18 U.S.C. §2113 (2000)) is substantially similar to our state's financial-institution-robbery statute. The federal bank-robbery statute states one commits bank robbery if:

"[B]y force and violence, or by

intimidation, [one] takes, or attempts to

take, from the person or presence of another,

or obtains or attempts to obtain by extortion

any property or money or any other thing of

value belonging to, or in the care, custody,

control, management, or possession of, any

bank, credit union, or any savings and loan

association." 18 U.S.C. §2113 (2000).

Because the federal bank-robbery statute is so similar to our

- 6 -

financial-institution-robbery statute, it is appropriate for us to look to the federal bank-robbery statute and the case law interpreting it for guidance. See People v. Childress, 338 Ill. App. 3d 540, 553, 789 N.E.2d 330, 341 (2003) ("Where a state statute has a federal counterpart, Illinois courts have looked for guidance to federal cases interpreting the federal law").

Our review of federal case law leads us to conclude defendant's actions constituted intimidation under the financial-institution-robbery statute. "Intimidation" in the context of the federal bank-robbery statute has been defined as "conduct and words *** calculated to create the impression that any resistance or defiance by the teller would be met with force" (United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991)), or an act by defendant "reasonably calculated to put another in fear" (United States v. Graham, 931 F.2d 1442, 1443 (11th Cir. 1991)). Federal courts determine whether intimidation has occurred in a particular case by using an objective test: "whether an ordinary person in the teller's position could reasonably infer a threat of bodily harm from the defendant's acts." United States v. Gilmore, 282 F.3d 398, 402 (6th Cir. 2002).

In this case, it is undisputed defendant did not have a weapon with him when he robbed the bank. "However, the display of a weapon, a threat to use a weapon, or even a verbal or nonverbal hint of a weapon is not a necessary ingredient of

intimidation." Gilmore, 282 F.3d at 402. "Intimidation does not require proof of express threats of bodily harm, threatening body motions, or the physical possibility of a concealed weapon." Gilmore, 282 F.3d at 403.

As stated, in this case, defendant walked into the bank in disguise, was carrying a black purse large enough to conceal a weapon, and twice told the teller to give him all of the money. The photographs of the incident show defendant's left hand was concealed behind the purse as he approached the teller. Defendant made no explicit threat of harm.

The case before us is similar to United States v. Robinson, 527 F.2d 1170 (6th Cir. 1975). In Robinson, the defendant approached the teller, told her to "'Give me all your money,'" and then slid a "'black pouch'" across the counter for the teller to put the money in. Robinson, 527 F.2d at 1171. When the teller attempted to fill the pouch with bait money, the defendant said, "'Don't give me that, that's not enough.'" Robinson, 527 F.2d at 1171. The defendant made no explicit threat of harm, and both hands were visible to the teller as the defendant put them on the counter in front of the teller's cage. Robinson, 527 F.2d at 1171. The defendant wore a black leather coat. Robinson, 527 F.2d at 1171.

On appeal, the defendant argued that because he did not display a weapon, hint he had a weapon, tell the teller he had a

weapon, or explicitly threaten the teller, the evidence of intimidation was insufficient.  Robinson, 527 F.2d at 1171-72. The court stated "[A]n 'ordinary person' in the teller's position could reasonably, we think, infer an implicit threat in the demand, 'Give me all your money,' accompanied by the presentation of a 'black pouch.'"  Robinson, 527 F.2d at 1172.

Moreover, the Gilmore court stated the following:

"A review of the case law reveals that making a written or verbal demand for money to a teller is a common means of successfully robbing banks.  Demands for money amount to intimidation because they carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result.  Bank tellers who receive demand notes are not in a position to evaluate fully the actual risk they face.  As the Robinson court stated: 'An "ordinary person" in the teller's position could reasonably, we think, infer an implicit threat in the demand, "Give me all your money," accompanied by the presentation of a "black pouch".'  Robinson, 527 F.2d at 1172. Several other circuits have also held that a

- 9 -

demand for money in itself is sufficient to support a jury's finding of intimidation. See United States v. Clark, 227 F.3d 771, 774-75 (7th Cir. 2000) (finding intimidation where note demanded 'all of your twenties, fifties and hundred dollar bills' and defendant stated that 'this is a holdup'); [United States v.] Hill, 187 F.3d [698,] 700-01 [(7th Cir. 1999)] (characterizing actions as intimidating where defendant stated, 'Give me all your money,' and 'don't give me any of the funny money,' and threw a plastic bag on the counter window); [United States v.] McCarty, 36 F.3d [1349,] 1357 [(5th Cir. 1994)] (affirming conviction of robbery by intimidation where typewritten note stated, 'Be calm. This is a robbery.'); United States v. Hummasti, 986 F.2d 337, 338 (9th Cir. 1993) (concluding that threat was implicit in a note that read, 'This is a robbery, give me your money,' and in verbal demands for money); United States v. Smith, 973 F.2d 603, 603-04 (8th Cir. 1992) (finding intimidation had been established where defendant stated,

'I want to make a withdrawal. I want $2,500 in fifties and hundreds,' and where he twice demanded $5,000, leaned into the window, and said, 'come on, come on, give me the money.'); [United States v.] Lucas, 963 F.2d [243,] 248 [(9th Cir. 1992)] (finding intimidation where the verbal and written demand was 'put the money in the bag' and defendant placed two plastic bags on counter); [United States v.] Henson, 945 F.2d [430,] 439 [(1st Cir. 1991)] (finding intimidation in written demand note that read, 'put fifties and twenties into an envelope now!!'); [United States v.] Hopkins, 703 F.2d [1102,] 1103 [(9th Cir. 1983)] (finding that the threats implicit in [a] written demand of 'Give me all your hundreds, fifties and twenties. This is a robbery,' and verbal demand of 'give me what you got' provide sufficient evidence of intimidation to support jury's verdict)." (Emphases added.) Gilmore, 282 F.3d at 402-03.

Again, we reiterate defendant (1) entered the bank in disguise, (2) twice demanded the teller give him all the money,

(3) had a purse large enough to conceal a weapon, and (4) concealed his left hand behind the purse as he approached the teller.  Under Gilmore, defendant's demands for money amount to intimidation because they carried with them the implicit threat that if the money was not produced, harm to Scott or another bank employee may have resulted.  Gilmore, 282 F.3d at 402.  Moreover, under Robinson, an ordinary person in Scott's position could reasonably have inferred an implicit threat in the demand, "'Give me the money,'" accompanied by the fact defendant had a large purse to put the money in.  See Robinson, 527 F.2d at 1172. Accordingly, we conclude the evidence was sufficient to support the conclusion defendant robbed a financial institution by "intimidation."

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.  As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

APPLETON, P.J., and STEIGMANN, J., concur.