## In re GRAND JURY PROCEEDINGS, DETROIT, MICHIGAN, AUGUST, 1977.

## In the Matter of Lawrence S. JACKIER.

### No. 77–1559.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 14, 1977.

Decided and Filed Feb. 28, 1978.

---

attorney-client privilege despite the waiver by the corporation.

The District Court in its Memorandum Opinion and Order, 434 F.Supp. 648 (E.D. Mich.1977) denied the motion to quash the subpoena, emphasizing that the evidence showed that Mr. Jackier's client was the corporation alone, that Mr. Faudman acted as an officer of the corporation in communicating with Mr. Jackier, and that Mr. Jackier did not represent Mr. Faudman as an individual. The district court held that the privilege was the corporation's and that, not having clearly claimed a personal privilege at the time he communicated with the corporation counsel, Mr. Faudman could not assert that privilege later. For the reasons set forth in the District Court's opinion, we affirm.

Thomas G. Plunkett, Campbell, Kurzman & Plunkett, Bloomfield Hills, Mich., for appellant.

James K. Robinson, U. S. Atty., Gordon S. Gold, Asst. U. S. Atty., Detroit, Mich., for appellee.

Before LIVELY, ENGEL and MERRITT, Circuit Judges.

PER CURIAM.

Edmund W. Faudman, former Vice President of Arnolds, Inc., appeals a District Court denial of his motion to quash a grand jury subpoena. The grand jury subpoenaed Lawrence Jackier, attorney for Arnolds, Inc., during an investigation of federal Medicaid fraud involving alleged kickback arrangements with nursing homes. Mr. Faudman has been told he is a target of the grand jury investigation. Arnolds, Inc. has waived its attorney-client privilege and has authorized Mr. Jackier to cooperate in the grand jury investigation. Mr. Faudman, however, asserts that an attorney-client privilege continues to protect his communications with Mr. Jackier. The issue, therefore, is whether Mr. Faudman can assert an

