**In re GRAND JURY INVESTIGATION NO. 83–30557.**

**No. GJ 83–4.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 22, 1983.

---

Richard Hendrix, Asst. U.S. Atty., Atlanta, Ga., for the Government.

Robert G. Freier for movant Gobel Mattingly.

Edward T.M. Garland, Atlanta, Ga., for movant Robert Seay.

## ORDER

VINING, District Judge.

In this case Gobel Mattingly and Robert Seay have moved to intervene in a grand jury investigation currently taking place in the Northern District of Georgia. The movants have also requested the postponement of the grand jury proceedings in order to permit them the opportunity to gather evidence supporting their claim of an attorney-client privilege. Following oral argument on this motion, on December 16, 1983, the court granted the movants' motion to intervene but denied their request for a postponement of the grand jury proceedings.

This grand jury investigation involves, among other parties, S.J. Groves & Sons (Groves) and its subsidiary, Jasper Construction Co. (Jasper). The movants seek intervention in order to assert the attorney-client privilege relating to conversations they had with Charles Geer, Esq., the executive vice-president and general counsel of Groves. Both of the movants were former employees of Jasper. Jasper has waived the attorney-client privilege with respect to the matters which the grand jury is investigating, and Geer as one of Jasper's representatives is scheduled to testify before the grand jury concerning his knowledge of the events relevant to the investigation. The movants' effort to assert the attorney-client privilege is ostensibly for the purpose of denying the grand jury the opportunity to inquire into any conversations between Geer and either Mattingly or Seay.

■ Initially, the court recognizes that the attorney-client privilege is a narrow exception to the fundamental principle that the public is entitled to every man's evidence. *Garner v. Wolfinbarger*, 430 F.2d 1093, 1100 (5th Cir.1970), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1971). Questions concerning the validity and the scope of this narrow privilege must be resolved on a case-by-case basis. *Upjohn Co. v. United States*, 449 U.S. 383, 396–97, 101 S.Ct. 677, 686, 66 L.Ed.2d 584 (1981).

■ It is well accepted that a corporation is a client for the purpose of the attorney-client privilege, and the corporation may assert or waive the privilege. *Garner*, 430 F.2d at 1097 & n. 10 (citing cases). Ordinarily, the corporation and its agents represent the same community of interest; therefore, there generally is no problem when the corporation seeks to assert the attorney-client privilege. However, if the corporation waives the privilege, the question arises as to whether the individual

agents, officers, or employees of the corporation may be permitted to assert the privilege to prevent the disclosure of information conveyed by them to the corporation's in-house counsel or retained attorney. Several courts have considered and rejected the argument that the individual agents of the corporation have a right to assert the attorney-client privilege over the corporation's waiver of the privilege. *See Citibank, N.A. v. Andros,* 666 F.2d 1192, 1195 (8th Cir.1981); *United States v. Piccini,* 412 F.2d 591, 593 (2d Cir.1969), *cert. denied,* 397 U.S. 917, 90 S.Ct. 923, 25 L.Ed.2d 98 (1970); *In re OPM Leasing Services, Inc.,* 13 B.R. 64, 67–68 & n. 11 (S.D.N.Y. 1981), *aff'd,* 670 F.2d 383 (2d Cir.1982); *United States v. DeLillo,* 448 F.Supp. 840, 842–43 (E.D.N.Y.1978); *In re Grand Jury Proceedings, Detroit, Michigan,* 434 F.Supp. 648, 650 (E.D.Mich.1977) (Joiner, J.), *aff'd,* 570 F.2d 562, 563 (6th Cir.1978); *In re Grand Jury Subpoena Duces Tecum,* 391 F.Supp. 1029, 1033–34 (S.D.N.Y. 1975); *In re Blier Cedar Co.,* 10 B.R. 993, 997 n. 5 (B.C.D.Me.1981).

The resolution of this issue is more difficult in cases where the corporation's individual agent alleges that the corporate counsel served the dual purpose of representing both him (the individual) and the corporation. In the leading case of *In re Grand Jury Subpoena Duces Tecum,* 391 F.Supp. 1029, for example, the corporation and its president, Robert Vesco, were represented by the same law firm during an S.E.C. investigation, and all of the legal fees incurred during the S.E.C. investigation were paid by the corporation. In a civil suit brought by the S.E.C. subsequent to the investigation both the company and Vesco, the named defendants, were represented by different counsel. The S.E.C.'s civil suit against the corporation terminated in a consent decree, a critical provision of which was the corporation's waiver of any attorney-client privilege it may have held. However, the S.E.C. continued its case against Vesco.

The question remaining in the wake of the consent decree was whether the corporation's waiver of the attorney-client privilege also waived whatever attorney-client privilege Vesco may have had. Initially, the district court concluded that the law firm's dual representation of the corporation and Vesco in the S.E.C. investigation established, with respect to that matter, an attorney-client relationship between the firm and Vesco as an individual. However, the district court narrowed the scope of this attorney-client privilege and held that the corporation's blanket waiver of the attorney-client privilege also waived Vesco's privilege to the extent Vesco's communications reflected his official duties within the company. In pertinent part the court stated:

> The corporation has waived its privilege and since a corporation can act only through its officers, Vesco cannot assert the attorney-client privilege as to matters involving the affairs of the [corporation], or embracing his role or activities as [a corporation] officer or director.

*Id.* at 1034. *See also In re Investment Bankers, Inc.,* 30 B.R. 883, 886 (B.D.D. Colo.1983) (citing with approval this language in *In re Grand Jury Subpoena Duces Tecum* ).

In a case subsequent to *In re Grand Jury Subpoena Duces Tecum* another district court was confronted with the question of the attorney's alleged dual representation of the corporation and the agent as an individual. In *In re Grand Jury Proceedings, Detroit, Michigan,* 434 F.Supp. 648, the court identified two requirements the individual must establish before an individual agent will be deemed to possess an attorney-client privilege separate from that of the corporation. First, when the individual approaches the corporation's counsel, the individual must inform the counsel that he (the individual) is consulting and communicating with the counsel as an individual rather than as a representative of the corporation. And second, the attorney must see fit to accept and give communication, knowing the possible conflicts that could arise. The court was concerned that a more relaxed rule tending to encourage dual representation would result

in many unanticipated and inadvertent conflicts of interest. *Id.* at 650. *See also United States v. DeLillo,* 448 F.Supp. at 842–43 (citing with approval *In re Grand Jury Proceedings, Detroit, Michigan*).

 This court finds the reasoning and holdings of these cases both persuasive and consistent with the premise that the attorney-client privilege is a narrowly tailored and carefully forged exception to the general rule of full disclosure.[1] Accordingly, the court holds that in order to assert the attorney-client privilege in this case the movants must satisfy five requirements.[2] First, they must show that they approached Geer for the purpose of seeking legal advice. Second, they must demonstrate that when they approached Geer they made it clear that they were seeking the legal advice in their individual, rather than representative, capacities. Third, they must demonstrate that Geer saw fit to communicate with them in their individual capacities, knowing that a possible conflict could arise. Fourth, they must prove that their conversations with Geer were confidential. And, fifth, they must show that the substance of their conversations with Geer did not concern matters related either to their official duties within the company or to the general affairs of the company.

In summary the movants' motion to intervene is GRANTED, and their request for a postponement of the grand jury proceedings is DENIED. The court will defer ruling on the movants' claim that an attorney-client relationship existed between each of them and Geer until that precise issue is presented to the court.

SO ORDERED, this 22nd day of December, 1983.

---

1. At the oral argument on this motion the movant's counsel asserted that *Diversified Industries, Inc. v. Meredith,* 572 F.2d 596 (8th Cir.1977), supports the conclusion that an attorney-client relationship existed between the movants and Geer. This court disagrees. In a footnote in that case the Eighth Circuit initially echoed the well-accepted premise that "the [attorney-client] privilege belongs to the corporation and an employee cannot himself claim the attorney-client privilege ... if the corporation has waived the privilege." *Id.* at 611 n. 5. However, the Eighth Circuit recognized that if the facts reveal that the employee sought legal advice for himself from the corporation's counsel, "he *may* have a privilege." *Id.* (emphasis added). In this case this court agrees with these general statements but defines specifically the circumstances in which the individual may assert a valid attorney-client privilege.

2. Naturally, this discussion assumes that the conversations between Geer and the movants were for a legally proper purpose. It is well recognized that if a client seeks legal advice for the purpose of committing either a tort or a crime, the substance of that conversation is not protected by the attorney-client privilege. *Clark v. United States,* 289 U.S. 1, 15, 53 S.Ct. 465, 470, 77 L.Ed. 993 (1933); *In re Grand Jury Proceedings,* 680 F.2d 1026, 1028–29 (5th Cir.1982); *Garner v. Wolfinbarger,* 430 F.2d 1093, 1102–03 (5th Cir.1970), *cert..denied,* 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1971). *See also* 8 C. Wright & A. Miller, Federal Practice & Procedure § 2017 at 134 & n. 92.